UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LHF PRODUCTIONS INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DOE-98.173.61.69,<br><br>　　　　　　　　　　Defendant. | Case No.: 16-CV-2145-AJB (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY WITHOUT PREJUDICE**<br>**[ECF No. 3]** |

Plaintiff LHF Productions Inc. ("Plaintiff"), which claims to hold the copyright on the movie *London Has Fallen*, Compl. ¶ 5, ECF No. 1, moves *ex parte* for an order permitting it to conduct discovery prior to the Rule 26(f) conference and serve a subpoena on Cox Communications to ascertain the identity of an unknown individual who allegedly has infringed its copyright by copying and distributing the movie over the internet. For the reasons that follow, the Court DENIES the motion.

A party ordinarily may not seek discovery from any source prior to the Rule 26(f) conference. Fed. R. Civ. Proc. 26(d)(1). The court, however, may order expedited discovery, *id.*, and courts within this circuit enter such orders on a showing of good cause, *see Semitol, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *Cobbler Nevada, LLC v. Doe-68.8.213.203*, 2015 WL 9026554, at *1 (S.D. Cal. Dec. 15,

2015). Courts accordingly have required a party to meet four requirements before granting leave to use expedited discovery to uncover the identity of an unknown defendant: (1) The party must "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court;" (2) the party must demonstrate that it has made good faith attempts to identify and serve the defendant; (3) the party must show that the lawsuit could withstand a motion to dismiss; and (4) the party must show that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *Dallas Buyers Club LLC v. Doe-73.202.228.252*, 2016 WL 1138960, at *3 (N.D. Cal. March 23, 2016); *Uber Technologies, Inc. v. Doe*, 2015 WL 4451372, at *3 (N.D. Cal. July 20, 2015). Plaintiff has not met the first requirement.

The plaintiff must first identify the missing defendant with sufficient specificity so that the court can determine whether the defendant is a real person or entity who can be sued in federal court. "[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *Dallas Buyers Club, LLC v. Doe-68.101.166.122*, 2016 WL 2343912, at *2 (S.D. Cal. May 4, 2016). Here, Plaintiff claims to have "traced the IP address corresponding to the Defendant" and "provided a list of the dates and times of the infringing activity." ECF No. 3-1 at 4. Plaintiff directs the Court to a "[l]ist of infringing activity attached as Exhibit #1." *Id*. at 4-5. Plaintiff further claims that "[e]xhibit #1 also includes the city in which the IP address was located by geolocation technology." *Id*. at 5. However, Plaintiff failed to attach the document identified as Exhibit #1. Therefore, Plaintiff has not provided the Court with sufficient basis to conclude that the defendant is a real person or entity who may be sued in federal court.

Since the Plaintiff failed to meet its burden on the first factor, the Court need not reach a determination on the remaining three factors.

For the foregoing reasons, the Court DENIES Plaintiff's motion for expedited discovery without prejudice. Plaintiff may re-file the motion expedited discovery with the necessary exhibits attached.

**IT IS SO ORDERED.**

Dated:  October 24, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge